**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| LINDA J. SMITH, | ) | No. EDCV 05-535 (CW) |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks review of the Commissioner's denial of disability benefits.  As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for payment of benefits.

**I.  BACKGROUND**

Plaintiff Linda Smith was born on October 3, 1959, and was forty-four years old at the time of her last administrative hearing.  [Administrative Record, "AR," 75, 411.]  She has a ninth grade education and past relevant work experience as a thrift store

assistant manager. [AR 14.]  Plaintiff alleges disability on the basis of a seizure disorder, borderline diabetes, left leg weakness, right arm weakness, confusion, anxiety and depression. [Id.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was filed on June 16, 2005.  On December 13, 2005, defendant filed an answer and plaintiff's Administrative Record ("AR").  On April 3, 2006, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income ("SSI") on April 29, 2002, alleging disability since March 6, 2001.  [JS 1.] After the application was denied initially and upon reconsideration, an administrative hearing was held on December 19, 2003, before Administrative Law Judge Jerry Muskrat.  [Transcript, AR 397.] Plaintiff appeared with counsel but no testimony was taken, as the matter was continued for further development of the record. [AR 405.] A second hearing was held on May 3, 2004, before Administrative Law Judge Edward Steinman (hereinafter "ALJ").  [AR 411.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff and vocational expert Corrine Porter.  [Id.]  The ALJ denied benefits in a decision dated December 9, 2004.  [Decision, AR 23.]  When the Appeals Council denied review on May 2, 2005, the ALJ's decision became the Commissioner's final decision.  [AR 5.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the

Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir. 2001); <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." <u>Reddick</u>, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." <u>Id</u>.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." <u>Id</u>.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. <u>Reddick</u>, 157 F.3d at 720-721; <u>see</u> <u>also</u> <u>Osenbrock</u>, 240 F.3d at 1162.

### V. DISCUSSION

#### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at

least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

    Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

    Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to

prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (step one); that plaintiff had "severe" impairments, namely petit mal seizure disorder, affective disorder with features of anxiety, degenerative disc disease of the cervical spine and complex partial seizure disorder (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 22.]  Plaintiff was found to have an RFC enabling her to perform a range of light work with certain limitations.[2] [Id.]  The ALJ found plaintiff unable to return to her past relevant work (step four). [Id.]  Based on the testimony of the vocational expert, the ALJ found that plaintiff could perform seventy-five percent of the 1,600 light job titles listed in the Dictionary of Occupational Titles,

---

[1]  Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

[2]  Plaintiff's RFC precluded her from climbing ladders, ropes and scaffolds; balancing; frequent stooping, kneeling, crouching or crawling; working with moderate exposure to dangerous machinery; and any exposure to unprotected heights, power tools or hazardous working environments. [AR 22.] Further, plaintiff was functionally limited to performing non-public, simple, repetitive tasks. [Id.]

including cleaner, hand packer and bench assembler (step five). [AR 23.] Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

### C. ISSUES IN DISPUTE

The parties' Joint Stipulation identifies two disputed issues:

1. Whether the ALJ properly considered the medical evidence, including the treating physician's opinion; and
2. Whether the ALJ properly considered plaintiff's credibility.

[JS 5.]

### D. ISSUE ONE: PLAINTIFF'S SEIZURE DISORDER

According to the record, plaintiff was first hospitalized for seizures in March 2001, at which time she began treatment with Dr. Wilson Gomer. [AR 148-52.] Dr. Gomer placed plaintiff on a regimen of anti-seizure medications, including Depakote. [AR 221.] The treatment was not entirely successful, and plaintiff continued to experience seizures: she received emergency care and/or was hospitalized in December 2001 [AR 141], March 2002 [AR 131], September 2002 [AR 205] and August 2003 [AR 269]. In addition, plaintiff suffered a seizure during the latest administrative hearing on May 30, 2004, for which she received emergency treatment. [AR 430-31.] In May 2003, Dr. Gomer wrote a letter opining that plaintiff's seizures were "uncontrollable and can happen while she is working," and that "she is not able to work due to these conditions." [AR 257.] In his subsequent decision, however, the ALJ rejected Dr. Gomer's opinion that plaintiff was disabled, finding that the doctor's determination of disability was a matter "reserved to the Commissioner" and, furthermore, was "without support in the record as regards any continuous period of not less than 12 months." [AR 17.] This finding was erroneous.

Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on the Commissioner with respect to the existence of an impairment or the ultimate issue of disability. Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004)(citing Tonapetyan, 242 F.3d at 1148); Magallanes, 881 F.2d at 751; Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989). While medical source statements on such issues are not entitled to "controlling weight or special significance," the ALJ "must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner," such as the ultimate issue of disability. Social Security Ruling ("SSR") 96-5P, 1996 WL 374183, at *2. Even if a treating physician's opinion on disability is controverted, it can be rejected only with specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830. See also Benecke v. Barnhart, 379 F.3d 587, 591 & n.1 (9th Cir. 2004).

Even though Dr. Gomer's opinion of disability concerned an issue that is generally reserved to the Commissioner, the ALJ could not reject it without providing "specific and legitimate" reasons. The sole reason provided by the ALJ was the conflict between Dr. Gomer's conclusion and the "longitudinal medical evidence of record as a whole," specifically, a lack of support "in terms of longitudinal concomitant signs and symptoms, or reports of seizures or their sequelae." [AR 17.] Such a reason, by itself, has been repeatedly rejected by the Ninth Circuit as inadequate. See Regenitter v. Commissioner of the Social Security Administration, 166 F.3d 1294, 1299 (9th Cir. 1999)(quoting Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988))("To say that medical opinions are not supported by

1  sufficient objective findings or are contrary to the preponderant
2  conclusions mandated by the objective findings does not achieve the
3  level of specificity our prior cases have required"); see also
4  Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989)(citing Montijo
5  v. Secretary of Health and Human Services, 729 F.2d 599, 601 (9th Cir.
6  1984)).  The ALJ was required to "set forth his own interpretations
7  [of the evidence] and explain why they, rather than the doctor['s],
8  are correct." Embry, 849 F.2d at 421-22.  Because the ALJ did not
9  provide "detailed, reasoned, and legitimate rationales for
10 disregarding" Dr. Gomer's findings, the evaluation was not specific
11 and legitimate as a matter of law.  Id. at 422.
12     Moreover, the determination that Dr. Gomer's opinion was "without
13 support in the record" was factually incorrect.  The medical record
14 documents that plaintiff has had seizures for more than two and a half
15 years and received several clinical diagnoses of a seizure disorder.
16 [AR 132, 142, 206, 210, 215, 222, 231, 267.]  In addition, emergency
17 medical records show that plaintiff continued to have seizures despite
18 "taking her medications as directed." [AR 214.]  Plaintiff had a
19 seizure during the administrative hearing. [AR 430-31.]  Dr. Gomer's
20 opinion about the nature and severity of plaintiff's seizure disorder
21 was well-supported by the medical record and, thus, was entitled to
22 deference.  Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001);
23 Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see 20
24 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); SSR 96-2p, 1996 WL 374188, at
25 *1-2.  Accordingly, the evaluation of the treating medical evidence
26 cannot stand.

**E.    REMAND FOR PAYMENT OF BENEFITS**

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 1179. However, where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. (decision whether to remand for further proceedings turns upon their likely utility).

Here, because the rejection of Dr. Gomer's opinion was not based on specific and legitimate reasons supported by substantial evidence in the record, the opinion is credited as a matter of law. Benecke, 379 F.3d at 594; Harman, 211 F.3d at 1178; Lester, 81 F.3d at 834. When credited, the evidence clearly indicates that plaintiff could not sustain competitive employment. Specifically, Dr. Gomer stated that plaintiff would have many episodes of "passing out" and waking up disoriented and weak. [AR 257.] During the first administrative hearing, the vocational expert testified that an individual with the limitations described in Dr. Gomer's opinion would be precluded from competitive employment. [AR 431.] When the existing evidence is combined with the vocational expert testimony, it is clear that plaintiff must be found disabled. Accordingly, no useful purpose would be served by further proceedings, and an order directing an immediate award of benefits is appropriate.

**V.  ORDERS**

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant for payment of benefits.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.


DATED: June 28, 2006

                                    _____/s/_____
                                           CARLA M. WOEHRLE
                                    United States Magistrate Judge